THE PEOPLE *ex · rel.* J. W. DICKENSON *v.* E. M. BANVARD.

STATEMENT ON APPEAL FROM A JUDGMENT.—A party who appeals from a judgment or an order, with a statement annexed to the judgment roll, must specify particularly in his statement the grounds upon which he intends to rely on the appeal.

MOTION FOR NONSUIT.—A party moving for a nonsuit should state in his motion precisely the grounds upon which he relies, so that the attention of the Court and the opposite counsel may be particularly directed to the supposed defects in the plaintiff's case.

POWER OF LEGISLATURE OVER OFFICES. — The incumbent of an administrative office, created by the Legislature, may be legislated out of office pending the term for which he was elected.

JUDGMENT IN QUO WARRANTO.—In an action of *quo warranto* to determine the right to an office, where the relator claims the office as against the incumbent, the Court may not only determine the right of the defendant, but of the relator also ; and if it determines in favor of the relator, may render judgment that the defendant forthwith deliver up to the relator the office.

APPEAL FROM A JUDGMENT.—On an appeal from a judgment, the appellate Court cannot consider the question whether the findings of fact are justified by the evidence.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The defendant was elected Treasurer of the County of Placer, at the general election in 1862, and afterwards qualified and entered upon the discharge of its duties.

By the law, as it then stood, his term commenced on the first Monday in December, 1862, and extended to the first Monday in March, 1865. By the Act of 1863, (see Laws of 1863, p. 387, Sec. 11,) it was provided that all county officers in every county of this State shall be elected at the general election in 1863, and of every second year thereafter, and shall hold their offices for the term of two years from and after the first Monday of March subsequent to their election.

At the general election held in September, 1863, defendant and relator were candidates for the office of Treasurer of Placer County, and relator received a majority of the votes and the certificate of election. The defendant refused to surrender up the office on the first Monday in March, 1864, and this action was commenced to try the right to the office.

The Court found the following facts :

"At the general election in 1862, defendant was duly elected to the office of County Treasurer of said county for the ensuing term, which, as the law then stood, was for two years and three months from the first Monday in December, 1862.

"He duly qualified and entered upon the office at the commencement of the said term, and has held it ever since.

"The term under the law of 1862, if the same were now in force, would of course not expire until March, 1865.

"In 1863, under the recent amendments of the State Constitution, the Legislature passed an Act providing that all county officers throughout the State, including Treasurer, should be elected at the general election in said year, (1863,) that their terms should commence on the first Monday in March, 1864, and continue for two years; and repealing all former statutes conflicting with said Act. Under this latter Act, the relator, Dickenson, at the general election in 1863, was duly elected County Treasurer of said county. He received his certificate of election, took the oath, filed his official bond, and did all the acts necessary and required by law, in order to entitle him to enter upon the office. At the commencement of his term, on the first Monday of March, 1864, he demanded the office of the defendant, who refused to deliver it to him, but continues to hold it himself."

Upon these facts the Court rendered the following judgment:

"Wherefore, it is considered and adjudged that the said relator, J. W. Dickenson, is the lawfully elected and duly qualified Treasurer of said Placer County, and is entitled to use, hold, and exercise the said office, and perform the duties thereof, and to receive the emoluments thereof for two years, commencing with the 1st day of March, A. D. 1864, and that the defendant, E. M. Banvard, is guilty of usurping, holding, using, and executing the same, performing the duties and receiving the emoluments thereof unlawfully.

"And it is ordered, adjudged, and decreed, that the said

defendant, E. M. Banvard, be and he is hereby excluded from the said office of Treasurer of said Placer County, and from exercising any of the duties pertaining thereto; and that he, the said defendant, do forthwith yield and deliver up to the said relator, J. W. Dickenson, the said office of Treasurer of said Placer County, and all of the books, papers, keys, furniture, property, rooms, documents, moneys, records, belonging or pertaining to the said office or the business thereof, and all and everything or things of whatsoever name or nature which may belong to the said office or the business thereof; and that the said relator have and recover of the said defendant, E. M. Banvard, his costs and expenses herein, taxed at twenty-seven dollars and sixty cents, and that execution issue therefor."

The defendant appealed from the judgment, and annexed a statement of the evidence, exceptions, etc., to the judgment roll.

After the relator had closed his evidence and rested, defendant moved the Court for a nonsuit, without assigning in his motion the grounds on which he claimed it.

Defendant claimed as one reason for holding over, that relator's bond was insufficient, and on the defense offered two witnesses to prove that before relator filed his bond they told him it was insufficient, and did not comply with the statute.

*Jo Hamilton,* for Appellant.

The Act of 1863, eleventh section, meant nothing more than this: In the counties of the State a general election should be held in 1863, for State and county officers. The county officers elected to take office on the first Monday of March subsequent to their election. But in Placer County, which had elected its county officers under a special Act, and who had elected until the 1st of March, 1865, the law, while it gave to the officers elect the right to take office on the first Monday of March, 1864, did not oust the old officers, and if the election of county officers in Placer was valid at all under the Act of 1863, it gave to those officers elected no present right

of office, because there was no vacancy in office; and at most, as two incumbents could not exercise the right of office at the same time, the persons elected in 1863 could not enter until the expiration of the term of those elected in 1862.

This is a reasonable construction of the Act of 1863, in its true meaning and intent. If it meant anything else, it was easy to have said the terms of officers elected in 1862 should close on the first Monday of March, 1864. But instead of so saying, it is wholly silent, leaving them undisturbed in the offices. Before any other construction could be put upon the law of 1863, we are forced to the conclusion that the Legislature intended to do and did do an unjust thing; for by no rule of fairness or justice could a whole year be taken from the term. By putting this construction upon the Act of 1863, it leaves the whole of the Act fairly and clearly intelligible.

*Charles A. Tuttle,* for Respondent.

The findings of the Court stand in the place of the verdict of a jury. (*Wheeler* v. *Hays,* 3 Cal. 285.)

In *Gagliardo* v. *Hoberlin,* 18 Cal. 395, the defendant brought up all the testimony, but made no motion for a new trial. The Court say: " In this case, no motion having been made for a new trial, the findings of the Court are conclusive as to the facts. * * * In the absence of such an application, the conclusions of fact must be deemed to have been properly drawn, and the matter cannot be regarded as open to investigation on appeal."

In *Deputy* v. *Stapleford et al,* 19 Cal. 302, the same doctrine is affirmed.

In *Nelson & Nobell* v. *Highland,* 13 Cal. 73, the Court say : " No motion for a new trial having been made in this case, the finding of facts by the Court below is conclusive, and as this finding fully sustains the judgment, it is affirmed." (See *Leining* v. *Gould,* 13 Cal. 598.)

This rule has been applied to both legal and equitable actions. Mr. Justice Field, in *Duff* v. *Fisher,* 15 Cal. 380,

says: "In this State the statute provides the manner in which the verdict of a jury, upon an issue submitted to its decision, may be reviewed—it is only by motion for a new trial."

By the Court, SHAFTER, J.

This is an information filed by the Attorney-General on the relation of Dickenson, alleging that the defendant has usurped the office of Treasurer of Placer County, and that the office of right belongs to the relator. The appeal is from the judg-ment. We shall consider the errors alleged, in the order in which they are set down in the statement.

First—"The Court erred in refusing respondent's motion for a nonsuit." By the three hundred and thirty-eighth section of the Practice Act, a party who appeals from a judgment or order, with a statement annexed, is required "to state specifically the particulars or grounds upon which he intends to rely on appeal." This rule has not been complied with by the appellant, nor did he in his motions for a nonsuit disclose the grounds of it in the Court below. Most, if not all, the considerations upon which it has been held that a party, objecting to the introduction of testimony, should state precisely the grounds of his objection, are equally applicable to show, when a nonsuit is moved for at the trial, that the attention of the Court and of opposite counsel, should be particularly directed to the supposed defects in the plaintiff's case. We not only understand such to be the rule, but consider its observance a matter of much practical consequence. (*Mateer* v. *Brown*, 1 Cal. 221; *Kiler* v. *Kimball*, 10 Cal. 268; *McGarrity* v. *Byington*, 12 Cal. 429.)

Second—"The Court erred in refusing the testimony of Fellows and Spear." The respondent "offered to prove by each of these that each informed the relator, before the filing of his official bond, that the same was insufficient and did not comply with the statute and order of the Board of Supervisors." The testimony was objected to, and was excluded by the Court on the ground of irrelevancy. There was no

error in this ruling. Assuming that the relator's bond was insufficient, the fact itself might be material; but any representations by third persons upon that subject, though made to the relator, would be immaterial.

Third—"The judgment of the Court was against law." There is but one question which, under the findings of the Court, we are at liberty to consider as within the purview of this objection; and that is, whether the Legislature has power to shorten the term for which a County Treasurer is elected —or more largely stated, whether an incumbent of an administrative office created by the Legislature, can be legislated out of office pending the term for which he was elected? The question is not an open one. It was met and decided in *People ex rel. Attorney-General* v. *Squires*, 14 Cal. 12.

Fourth—"The Court erred in ordering respondent to immediately vacate said office." By the three hundred and twelfth section of the Practice Act, the Court was authorized, not only to determine the right of the defendant, but to determine the right of the relator also; and, on the facts found, there can be no doubt that the judgment was correct on the point covered by the objection.

Fifth—"The testimony does not warrant either the findings or the judgment of the Court." It is inexact to say that a judgment is not warranted by the evidence. It may not be warranted by the pleadings, or the verdict, or the findings; and on demurrer to the evidence, or on motion for nonsuit properly made, it may be said that a judgment, entered for the plaintiff, is not warranted by the facts which the evidence tended to prove. The only point raised, then, by the objection now under consideration, is, whether the findings are justified by the evidence, and that question cannot be gone into under an appeal from the judgment. The testimony can only be reviewed on motion for new trial. (*Gagliardo* v. *Hoberlin*, 18 Cal. 395; *Deputy* v. *Stapleford*, 19 Cal. 302; *Allen* v. *Fennon, ante* 68.)

Judgment affirmed.