C. D. COFFEY ET AL., PLAINTIFFS, *v.* JOHN GREENFIELD, DEFENDANT ; PHILIP HEFNER, INTERVENOR.

ACTION TO DECLARE A TRUST.—Mary C., the wife of defendant, John O., died intestate in 1866, leaving surviving five minor children, who inherited all of her property, including her interest in the property in controversy. This property was a part of the lands derived by the town of Oroville under the Acts of Congress and of this State, generally known as the "Town Site Acts." The defendant was appointed guardian of all of the minors, other than William T. C., for whom no guardian was appointed. Whilst acting as guardian, the defendant induced the County Judge of Butte County to execute to him, in his own name and for his own benefit, a deed of the property.

*Held:* The deed was void as to his wards, under Section 18 of the Town Site Acts of this State, approved March 30, 1868, and as to William T. C., it was voidable.

Id.—Grounds of Motion for Nonsuit Should be Specified.—A party moving for a nonsuit must state in his motion the precise grounds on which he relies, so that the attention of the Court and the opposite counsel may be particularly directed to the supposed defects in the plaintiff's case.

Intervention—Pleading.—The pleading of an intervenor claiming to be an innocent purchaser without notice is insufficient, unless it contains proper averments to that effect.

Appeal by the intervenor from the judgment of the Superior Court of the County of Butte, and from an order denying a motion for a new trial. T. B. Reardon, J.

*Burt & Hamilton,* for Appellant.

The Court erred in the order refusing a judgment of nonsuit.

The pleadings are under oath, and none of the averments of the intervenor regarding the acquisition of title by County Judge and his conveyance to Greenfield of the legal title which was placed on record September 15, 1873, and so remained while intervenor took the mortgage and until the trial of the case was concluded, were denied in the pleadings, so that those facts all stand admitted, and Hefner, who took his mortgage upon the title without notice, was in the position of an innocent purchaser without notice and in good faith.

The County Judge acted in a judicial capacity and not ministerially, and when he determined and decided Greenfield's right to purchase, his decision was final, and Greenfield's title attached, subject to the reviews provided for in the Act, and to none others. (Act of March 2, 1867, 2 R. S. (U. S.), pp. 435 *et seq.* Also the Act of March 30, 1868; Acts of 1867–8; Statutes of California, p. 692; or Section 15,959, Hittell's Codes and Statutes, and also sections following.)

Hefner occupied the position of an innocent purchaser or incumbrancer without notice. Greenfield being in possession, and his title of record appearing good, there was nothing to put Hefner on his guard. When one of two innocent parties must suffer by the acts of a third, he by whose negligence it happened must be the sufferer. Civil Code, § 3543; *Davis* v. *Allen,* 3 Comst. 172; *Graham* v. *Hope,* Peake, 154; *Clapp* v. *Rogers,* 2 Kernan, 283.

The word "purchase" is defined in *Greer* v. *Blanchar,* 40 Cal. 197.

*Gray & Gale,* for Respondents.

There was no error in denying the motion for a nonsuit, for two reasons:

1. No sufficient grounds were stated for the motion. The statement that "there was no evidence to sustain the action without specifying wherein the evidence was insufficient" did not aid the Court, and might as well not have been made. (*Kiler* v. *Kimbal,* 10 Cal. 267; *McGarrity* v. *Byington,* 12 id. 429; *People* v. *Banvard,* 27 id. 470; *Sanchez* v. *Neary,* 41 id. 485.)

2. On the merits the motion was properly denied. It was admitted "that the ancestors of plaintiffs owned and possessed the premises in dispute, and that at their death it descended to plaintiffs" (these respondents). If it descended to them from their ancestors, it was their property, unless they had been in some way legally divested of their title. It is not claimed that they were, unless it was by the fraudulent deed obtained by Greenfield and his mortgage to Hefner.

We know of no rule of law or equity whereby the beneficiaries of a trust can thus be deprived of their property while under legal disability and unable to defend their rights.

We do not question the rule of law relied upon by appellant, "that where one of two innocent parties must suffer by the acts of a third party, he by whose negligence it happened must be the sufferer." The rule has no application to this case. The respondents were under age, had nothing directly or indirectly to do with the transaction, and negligence can not be imputed to them.

Hefner took with notice. There was nothing to indicate that there had been any transfer of the property prior to the Safford deed, except the record of the pretended sale of Greenfield to himself, which, under the decisions of this Court, was not voidable only, but absolutely void. Futhermore, it appears from his own testimony that he knew that Judge Safford held the property in trust under the Town Site Acts, and under those acts the patent creating the trust expresses the object and purposes of the trust, and any sale or transfer in revolution of such trust was absolutely void. (See Civil Code, § 870; 2 R. S. (U. S.) 435; Statutes of Cal. 1867–8, p. 692;

*Belmont* v. *O'Brien,* 12 N. Y. 394-405; *Briggs* v. *Davis,* 20 id. 21; S. C., 21 id. 577.)   This rule applies to purchasers in good faith as well as to any others.

These respondents are the beneficiaries of the trust held by Judge Safford, so far as the property in question in concerned. (*Le Roy* v. *Cunningham,* 44 Cal. 599; *McCreery* v. *Sawyer,* 52 id. 257, and cases there cited.)

The above cases go no further than to hold that the deed is sufficient evidence as against one who shows no right to the property.   In this case it is admitted that the property in dispute was owned and possessed by respondents' ancestors, and that it descended to them.   Judge Safford could not sell or convey the property to any one but them.   All this was known to appellant Hefner when he took his mortgage, and he must be held to have taken with notice.

THORNTON J.:

In this action, which was brought to declare the defendant Greenfield a trustee for the plaintiffs of the real property described in the complaint, Hefner intervened, and in his intervention set up the title of Greenfield and a mortgage executed by the latter to him, the judgment of foreclosure in an action against Greenfield to foreclose the mortgage, sale under such judgment by the Sheriff, and a deed by the Sheriff to him.

The cause was tried by the Court, and judgment was rendered against Greenfield, decreeing him a trustee for the plaintiffs, and that he convey to them, and also a judgment that Hefner take nothing by his intervention, and that it be denied.

The Court rendered the following decision:

" 1. Mary Greenfield died intestate in said county in April, 1866, and at the time of her death she was the wife of John Greenfield.

" 2. That the said Mary Greenfield died seised and possessed in her own right of the lands and premises described in the complaint, and the same were her separate property.

" 3. That at her death she left her surviving five minor children, to wit, Lizzie Coffey, Mary Ellen Coffey, John A. J.

Coffey, Cornelius D. Coffey, and William T. Coffey, who inherited all of the said property.

"4. John A. J. Coffey died intestate at the county aforesaid on the twenty-third day of December, 1878, and his said interest and share descended to his said brothers and sisters, the plaintiffs herein.

"5. That upon the death of the said Mary Greenfield, the defendant John Greenfield was by the Probate Court of said county appointed the guardian of the persons of all the said minor children, except William T. Coffey, who was at that time residing in the State of New York, and who has never since resided in this State; and no guardian of this estate was ever appointed.

"6. That upon the death of Mary Greenfield, the defendant, John Greenfield, her surviving husband, as guardian aforesaid, entered into possession of the lands and premises described in the complaint, and continuously kept and held possession of the same till the commencement of this action, and received the rents and profits thereof to his own use.

"7. On the fifteenth day of September, 1873, W. S. Safford, County Judge of said county, as trustee of the inhabitants of the town of Oroville, under and in pursuance of the Act of Congress approved March 2, 1867, and the Act of the Legislature of California approved March 30, 1868, on the application of the said John Greenfield, executed and delivered to him a deed of conveyance in his, the said John Greenfield's, own name, of the lands and premises aforesaid, which deed was duly recorded in the office of the County Recorder of the said county on the —— day of ——, 1873.

"8. The said John Greenfield was not, at the time of the execution of the said conveyance, the owner of said premises, nor had he ever so been, nor was he at that time or at any other in possession or entitled to the possession thereof, except under the right he assumed as guardian of the persons of the said minor children; nor did he ever claim to hold the same adversely to them or either of them.

"9. At the time of the execution and the deliverance of the conveyance aforesaid by the said County Judge to the said John Greenfield, these plaintiffs and the said John A. J. Coffey, deceased, were minors, nor did the oldest of them, to

wit, the said William T. Coffey, reach the age of majority till about the year 1875.

"10. The procuring of the deed and conveyance to be executed and delivered to himself by the said John Greenfield was a fraud upon the said minor children, and the said fraud was not known to or discovered by them or either of them until shortly before the commencement of this action, to wit, in the latter part of 1878, or in the beginning of 1879.

"11. On the fourteenth day of May, 1878, the said John Greenfield, being in possession of the said premises as aforesaid, was indebted to Philip Hefner, the intervenor, and being desirous of borrowing a certain sum of money from him, offered to secure the antecedent debt, as well as the further sum he then sought to borrow, by a mortgage on the premises hereinbefore described, and the said Hefner was by the said John Greenfield referred to the records in the County Recorder's office as to his title, and the said Hefner, by his attorney, examined the records, and found thereon the conveyance to the said Greenfield from the County Judge aforesaid, and being satisfied therefrom that the title was in the said Greenfield, loaned to him a sum which, added to the said antecedent debt, amounted to the sum of two thousand and twenty-four dollars and thirty-three cents, to secure which the said Greenfield then and there executed and delivered to him a mortgage of the said lands and premises.

"12. On the sixth day of February, 1879, the said intervenor commenced an action in the District Court for said county to foreclose said mortgage; on the seventeenth of March, 1879, said Court rendered judgment in his favor for two thousand five hundred and forty-one dollars and twenty-three cents, and directing the sale of the mortgaged premises to satisfy said claim. Since that time, and pending this action, the said premises were sold by the Sheriff under said decree, and bid in by the said intervenor, and no redemption having been made therefrom, and the statutory time having expired, the said intervenor has received, and now holds, a Sheriff's deed for the said premises.

"13. There is not, nor has there ever been, any collusion between the defendant Greenfield and the plaintiffs, or either

of them, to cheat or defraud the intervenor of his interest in the property in controversy herein.

"14. On an accounting these plaintiffs would not,nor would either of them, owe the defendant Greenfield any sum of money whatever for advances made by him for their support and maintenance, or otherwise; nor is there any collusion between the defendant Greenfield and these plaintiffs, or either of them, to conceal the facts or to cheat or defraud the intervenor.

"15. On or about the eighteenth of December, 1869, the said John Greenfield obtained an order from the Probate Court of said county for the sale of the premises, and afterward sold the same and became himself the purchaser at such sale; but the said order of sale was made by said Court without authority of law, the notice required by law not having been given; and the said sale was made under said invalid order, without first giving sufficient notice thereof; the order of sale and the said sale were both null and void, and the said Greenfield did not thereby acquire any right, title, or interest in or to the said property.

"As conclusions of law, I find that the defendant, John Greenfield, took and held the legal title to the lands and premises described in the complaint in trust for the children of the said Mary Greenfield, deceased; that he never has had or held any other right or interest to or in said property, or any part thereof, except as such trustee for the said heirs of Mary Greenfield; that the plaintiffs are entitled to have and receive from the said defendant, John Greenfield, a good and sufficient deed of conveyance of the said lands and premises, and to judgment accordingly."

Hefner appeals from the judgment and order denying a new trial.

On the trial, after the plaintiffs had closed their evidence, Hefner moved for a nonsuit, on the ground that plaintiffs had not introduced any testimony tending to sustain the action. The motion was denied and Hefner excepted.

The motion was properly denied. It is settled law in this State that a party moving for a nonsuit should state in his motion precisely the grounds on which he relied, so that the attention of the Court and the opposite counsel may be par-

ticularly directed to the supposed defects in the plaintiff's case. (*People* v. *Banvard*, 27 Cal. 470; *Sanchez* v. *Neary*, 41 id. 487; *Kiler* v. *Kimbal*, 10 id. 267; *McGarrity* v. *Byington*, 12 id. 429.) The general ground above stated did not comply with the rule, and therefore the Court did not err in denying the motion. We have, however, examined the evidence, and are of opinion that there was testimony tending to sustain the action.

It appears from the findings that Mary Greenfield died intestate in April, 1866, and that at the time of her death she was the wife of defendant, John Greenfield; that on her death she left five minor children, who inherited all her property. It was admitted on the trial (as appears from the statement) that the ancestors of the plaintiffs owned and possessed the premises in dispute, and that at their death it descended to the plaintiffs—four of the minor children above referred to, and the administrator of another who died in 1878, before the commencement of this action, are the plaintiffs.

The lots in controversy constituted a part of the lands derived by the town of Oroville under the Act of Congress of March 2, 1857 (see 14 U. S. Statutes at Large, 541), and the Act of the Legislature of this State approved March 30, 1868 (see Stat. 1867-8, p. 692).

On the death of Mary Greenfield, defendant John Greenfield was by the Probate Court of the County of Butte appointed guardian of the minor children above mentioned, except one (William T. Coffey), who was at that time residing in New York, and has never since resided in this State. No guardian was ever appointed for his estate. While John Greenfield was such guardian he obtained this deed mentioned in the findings from Safford, County Judge, in his own name and for his own benefit. Such deed was null and void as to his wards, by the provisions of Section 18 of the Act of the Legislature of March 30, 1868, above referred to (see Stat. 1867-8, p. 698), and was voidable as to William T. Coffey.

By the provisions of the same section any party injured or aggrieved by such action on the part of the guardian is allowed to bring an action for the recovery of his interest, at any time within five years after the discovery of such fraud.

It appears from the findings that the plaintiffs had not known of the deed of the County Judge to defendant Greenfield until the latter part of 1878 or the beginning of 1879. This action was commenced on the 26th of March, 1879.

It will be observed that all of the acts of defendant Greenfield occurred during the minority of the children and heirs of Mary Greenfield. The eldest of these heirs (William T. Coffey) attained his majority in 1875, and the deed of the County Judge to Greenfield was executed in 1873.

It is contended that Hefner occupied the position of an innocent purchaser without notice. Nowhere in his pleadings is any such averment made. On the contrary, the fair inference from the matters set up by him is that, as matter of law, he concluded that the title to the lots in question was in John Greenfield, and, on this conclusion, dealt with him.

We find no error in the record, and the judgment and order are hereby affirmed.

So ordered.

MORRISON, C. J., and SHARPSTEIN, J., concurred.