WRIGHT, APPELLANT, v. FIRE INSURANCE COMPANY, RESPONDENT.

[Argued April 6, 1892. Decided September 15, 1892.]

PRACTICE—*Nonsuit.*—Where a motion for a nonsuit is made upon the ground, among others, that plaintiff's pleadings failed to state a cause of action, such ground will be disregarded where no particular defects in the pleadings are specified in the motion.

SAME—*Action prematurely brought— Waiver of objection.*—An objection that an action has been prematurely commenced will be disregarded at the trial as waived, where the defendant has failed to take advantage of it either by demurrer or answer.

PLEADING—*Denial—Negative pregnant.*—Where the defendant was sued as a corporation when it was in fact a limited copartnership, a denial that "defendant is or ever was a corporation, organized and existing under the laws of England," is pregnant with the admission that defendant is a corporation, and raises no issue.

INSURANCE POLICY—*Prohibition against mortgage.*—Where an insurance policy places specific amounts of insurance on distinct and separate classes of property, and contains a prohibition against mortgage as to merchandise alone, a violation of such prohibition, even if it rendered the policy void as to merchandise, would not invalidate the policy as to other classes of property covered thereby.

SAME—*Waiver of prohibition against mortgage.*—Where an insurance company issued a policy on mortgaged property, without making inquiry as to whether the property was mortgaged, which fact was a matter of public record, and no representations touching the matter were made by the insured, who paid the premium and accepted the policy in ignorance of the fact that it contained a provision rendering it void if the property be or become mortgaged, unless consent in writing was indorsed by the company thereon, the company will be held by its action to have consented to take the risk on the mortgaged property as effectually as if consent had been indorsed on the policy.

SAME—*Proofs of loss.*—An adjusting agent of an insurance company, shortly after a fire, examined the insured on two occasions, in relation to the property destroyed and its value, which examinations were reduced to writing and subscribed and sworn to by the insured. The agent referred to them as "proofs of loss," and after having required the insured to furnish duplicate bills of the goods destroyed, stated that nothing more was required. Thereafter the agent offered the insured a portion of the loss in settlement of the policy. *Held,* that the papers furnished had been accepted by the company as sufficient proofs of loss.

*Appeal from Seventh Judicial District, Custer County.*

Action on insurance policy. Nonsuit granted and judgment rendered thereon for defendant by MILBURN, J. Reversed.

*E. P. Cadwell,* for Appellant.

I. Defendant having failed to deny plaintiff's allegations relative to the defendant being a corporation, it must be deemed to have admitted it. The denial that the defendant "is or ever was a corporation organized and existing under the laws of England" is not a denial that the defendant is a corporation. (*Godey* v. *Godey,* 39 Cal. 157; *Leroux* v. *Murdock,* 51 Cal. 541; *Bradbury* v. *Crouise,* 46 Cal. 287.)

II. The condition in the policy "that this policy shall be void and of no effect unless consent in writing is indorsed by the company thereon, if the property be or become mortgaged," and that "proof of loss must be given and submitted to the company within sixty days after the loss," are both conditions imposed by the defendant for its benefit, and can be waived by it or its agents. The defendant by its acts or the acts of its agents may so act as to estop it from claiming as a defense the fulfilment or performance of any condition by it imposed, including those above stated. (Wood on Fire Insurance, §§ 203, 414, 638, 641, 644, 646, 693; *Warner* v. *Peoria Marine & Fire Ins. Co.* 14 Wis. 318; *Killips* v. *Putman Fire Ins. Co.* 28 Wis. 472; 9 Am. Rep. 506; *Miner* v. *Phœnix Ins. Co.* 27 Wis. 702; 9 Am. Rep. 479; *Globe Mutual Life Ins. Co.* v. *Wolff,* 95 U. S. 326; *Union Ins. Co.* v. *Wilkinson,* 13 Wall. 222; *American Life Ins. Co.* y. *Mahone,* 21 Wall. 152; *Rowley* v. *Empire Ins. Co.* 36 N. Y. 550; *Goodwin* v. *Massachusetts Mut. Life Ins. Co.* 73 N. Y. 480; *Grattan* v. *Metropolitan Life Ins. Co.* 80 N. Y. 281; 36 Am. Rep. 617; *Mutual Benefit Life Ins. Co.* v. *Newton,* 22 Wall. 32; *Church* v. *La Fayette Fire Ins. Co.* 66 N. Y. 222; *Aurora Fire Ins. Co.* v. *Eddy,* 55 Ill. 213; *Beal* v. *Park Fire Ins. Co.* 16 Wis. 241; 82 Am. Dec. 719; *Ames* v. *New York Union Ins. Co.* 14 N. Y. 253; *Wright's Adm'r* v. *Northwestern Mut. Life Ins. Co.* Kentucky, Feb. 5, 1891, 15 S. W. Rep. 242; *Virginia Fire & M. Ins. Co.* v. *Saunders,* 86 Va. 969; *McComb* v. *Council Bluffs Ins. Co.* Iowa, June 2,

1891, 48 N. W. Rep. 1038; *Reynolds* v. *Iowa & Nebraska Ins. Co.* 80 Iowa, 563; *Phœnix Ins. Co.* v. *Weeks*, 45 Kan. 751; *Searle* v. *Dwelling-House Ins. Co.* 152 Mass. 263; *Bon Aqua Imp. Co.* v. *Standard Fire Ins. Co.* 34 W. Va. 764; *Graves* v. *Merchants & Bankers' Ins. Co.* 82 Iowa, 637; *Badger* v. *Phœnix Ins. Co.* 49 Wis. 396; *Welsh* v. *Des Moines Ins. Co.* 71 Iowa, 337; *Zinck* v. *Phœnix Ins. Co.* 60 Iowa, 266.)

III.   The defendant will be deemed to have waived conditions or requirements when it makes no inquiry as to such conditions or requirements, or does not insist upon them, or when by its acts it will be estopped from insisting upon its conditions or requirements. (Flanders on Fire Insurance, §§ 372, 373, 374, 435; *Guest* v. *New Hampshire Fire Ins. Co.* 66 Mich. 98; *Carpenter* v. *Continental Ins. Co.* 61 Mich. 635; *Tiefenthal* v. *Citizens' Mut. Fire Ins. Co.* 53 Mich. 306; *O'Brien* v. *Ohio Ins. Co.* 52 Mich. 131; *Farmers' Mut. Fire Ins. Co.* v. *Fogelman*, 35 Mich. 481; *Castner* v. *Farmers' Mut. Fire Ins. Co.* 46 Mich. 15; *Ames* v. *New York Union Ins. Co.* 14 N. Y. 253.)

*Kinsley & Blackford*, for Respondent.

I.   The conditions of the policy requiring proofs of loss to be made at a time certain are valid and must be literally complied with. (2 Wood on Fire Insurance, § 412, p. 693, and authorities cited.)

II.   Submitting to an examination under oath, as required by one condition of the policy, does not relieve a party from performing the condition requiring proofs of loss. (*Weinnesheik Ins. Co.* v. *Schueller*, 60 Ill. 465; *Cowan* v. *Phœnix Ins. Co.* 78 Cal. 181.)

III.   The condition of the policy rendering the same void in the event of a chattel mortgage on a stock of merchandise is a valid one and should be sustained. (*Pennsylvania Co.* v. *Gottsman's Adm'rs*, 48 Pa. St. 156; *Edmands* v. *Mutual etc. Ins. Co.* 1 Allen, 311; 79 Am. Dec. 746; *Fitchburg Savings Bank* v. *Amazon Ins. Co.* 125 Mass. 434; *Sossman* v. *Pamlico Ins. Co.* 78 N. C. 145; *Seybert* v. *Pennsylvania etc. Ins. Co.* 103 Pa. St. 285; *Hankins* v. *Rockford Ins. Co.* 70 Wis. 1; *Dwelling-House Ins. Co.* v. *Johnson*, 47 Kan. 1; *Kensingston Nat. Bank Co.* v. *Yerkes*, 86 Pa. St. 229; *Redmond* v. *Phœnix Ins. Co.* 51 Wis.

297; 37 Am. Rep. 830; *Gould* v. *Holland Purchase Ins. Co.* 16 Hun, 538; *Ellis* v. *State Ins. Co.* 61 Iowa, 577; 68 Iowa, 578; 56 Am. Rep. 865; *Hicks* v. *Farmers' Ins. Co.* 71 Iowa, 119; 60 Am. Rep. 781; *Lowell* v. *Middlesex Fire Ins. Co.* 8 Cush. 130; *Gahagan* v. *Union Mut. Ins. Co.* 43 N. H. 176.)

IV.  Insurance policy which is rendered void in part for any reason which affects the whole policy, is void as an entirety. (*McGowan* v. *People's Mut. Fire Ins. Co.* 54 Vt. 213; 41 Am. Rep. 843; *Brown* v. *People's Mut. Ins. Co.* 11 Cush. 280; *Plath* v. *Minnesota Farmers' etc. Ins. Co.* 23 Minn. 481.)

HARWOOD, J.—This action is founded upon a policy of insurance, whereby defendant agreed, on certain conditions, to indemnify plaintiff against loss by the injury or destruction of certain described property by fire, to the value thereof, not exceeding fifteen hundred dollars, which property is alleged to have been totally destroyed by fire; and this action is brought to recover said sum.

At the trial, when plaintiff rested in the introduction of testimony to sustain her cause of action, defendant moved the court for nonsuit, which motion was granted, and judgment was thereupon entered in favor of defendant, from which plaintiff appealed, and assigns the action of the court in ordering the nonsuit as error.

The motion specified several grounds for nonsuit, but, upon the hearing of this appeal, counsel for respondent concede in their brief and argument that "there are properly but three questions involved in this case, and upon which the court acted in granting the nonsuit."

The first point insisted upon to support the motion for nonsuit is that "plaintiff's pleadings fail to state a cause of action against defendant." No particular defects in the pleadings are specified in the motion under this proposition, and for that reason the point was undoubtedly disregarded by the court below in passing upon the motion. (*McGarrity* v. *Byington*, 12 Cal. 426; *Sanchez* v. *Neary*, 41 Cal. 485; *People* v. *Banvard*, 27 Cal. 470; *Coffey* v. *Greenfield*, 62 Cal. 602.) Upon the argument of this appeal, however, respondent's counsel contend that plaintiff's pleadings are defective, in that "it nowhere

appears that anything was ever due at any time to plaintiff
from defendant," citing *Doyle* v. *Phœnix Ins. Co.* 44 Cal. 265.
From reading that case, we infer that defendant's counsel claim
the case at bar was prematurely commenced, or, in other words,
that the claim of plaintiff had not matured for action when suit
was commenced. The reasoning of the case just cited has no
application to this action. By the terms of the policy before
us, the loss is payable sixty days after proofs of loss have been
made. The complaint alleges that proofs of loss were rendered
to defendant, at its office in Chicago, on the fourteenth day of
June, 1887; and further alleges that on the twenty-first day of
July, 1887, "the said defendant declined and refused to pay
said loss, or any portion thereof, denying all liability under said
policy; and plaintiff further alleges that no part of said loss has
been paid."

The record before us does not show at what date the suit was
brought, in the first instance. The pleadings here are amended
pleadings, filed at a date subsequent to the commencement of
the action, and there is no showing as to the date of the com-
mencement of the action by the filing of the original complaint.
Moreover, this objection is a mere dilatory objection, interposed
several years after the cause of action, if there be any, matured,
and after defendant had answered, and failed to take advantage
of it, either by demurrer or answer. For these reasons the
objection, if properly made, should have been disregarded at
the trial, as waived, and in no manner affecting the substantial
rights of the parties.

The next point urged as sufficient ground for nonsuit is that
"defendant is sued as a corporation, when it is in fact a limited
copartnership." Neither the trial court nor this court has any
knowledge, by proper showing that defendant is "a limited
copartnership," instead of a corporate body, except the mere
assertion of appellants' counsel to that effect. In the body of
the complaint, it is averred that defendant is a corporation
organized and existing, as plaintiff is informed and believes,
under the laws of England. Defendant was sued in the name
in which it transacts business. It appeared and answered, and,
as to the allegation characterizing it as a corporation, it denied
"that defendant is or ever was a corporation organized and

existing under the laws of England." That is all defendant stated in its pleadings as to the character of its organization and existence. Standing without the assistance of any allegation as to the nature of the association combined and doing business under the name which defendant bears, the denial quoted above is pregnant with the admission that defendant is a corporation. The denial barely amounts to a contradiction of the averment that defendant is a corporation organized and existing under the laws of England. It might be true that defendant was a corporation, although not organized and existing under the laws of England. The denial is obnoxious to the form of good pleading (Bliss on Code Pleading [2d ed.] 332), and will therefore be disregarded. If defendant is not a corporation, but a copartnership, as its counsel now assert, it is not shown that any substantial right of defendant is affected by the misdescription of the character of its organization. There is no pretense to that effect. Whether defendant's existence depends upon corporate functions or copartnership association, in either case it is liable in the common name in which it transacted business, and in which it is sued, for any judgment which may be obtained against it in the action; and the property owned by the association, in the common name, whether it exists as a corporation or copartnership, is liable to answer for such judgment. (Code Civ. Proc. § 25.) If defendant is in fact a copartnership, those associated therein would be liable severally, and in a different degree, to plaintiff, for the payment of any judgment obtained in this action, than the same parties would be if concerned in defendant as a corporation; and if defendant, and those engaged in business in its name, desired their legal *status* to be known, and to be proceeded against in that relation, they should show forth the nature of their organization, without equivocation or evasion, and in such a manner as that the court could take notice of the fact.

We now come to the only substantial proposition specified as ground for granting the nonsuit.

The policy sued on covered various classes of property, such as household furniture, wearing apparel, silver and plated ware, printed books, pictures and works of art, store fixtures, consisting of show cases, hat cases, shelving, counters, etc., with a

specified amount of insurance placed on each of those classes of property, severally. In addition to that property, and the several amounts placed thereon, there was eight hundred dollars of insurance placed upon plaintiff's "stock of millinery and dressmaking materials" in the same policy. All of said property was situate in a two-story building, described in the policy, and all was destroyed by fire within the period covered by said insurance contract. Said policy contains a stipulation that it shall be void and of no effect "if the property be a stock of merchandise, and the same or any part thereof be or become mortgaged," unless consent in writing is indorsed by the company on the policy. It is shown that at the time the insurance was effected a chattel mortgage existed, executed by plaintiff to D. B. Fisk & Co., of Chicago, Illinois, on her "stock of millinery goods and show cases, shelving, etc.," to secure the payment of four hundred and fourteen dollars from plaintiff to said Fisk & Co.; and it appears to be conceded that said millinery goods were the same as mentioned in the policy. In answer to the complaint, defendant alleges that, in obtaining said contract of insurance, plaintiff "covenanted and agreed that her application, statement, and representation in procuring said insurance should be considered a part of said contract and her warranty, and that any concealment or omission to make known every fact material to the risk, either verbally or in writing, should render said policy void; and plaintiff covenanted and agreed that if she was not the sole and unconditional owner of the property, or if the property be a stock of merchandise, and the same or any part thereof be or become mortgaged or otherwise encumbered, then said policy should be void and of no effect, unless consent in writing was indorsed by this defendant on said policy, consenting to insure a stock of merchandise mortgaged or otherwise encumbered;" and that, when plaintiff applied for said insurance, said stock of merchandise was encumbered by a chattel mortgage, describing the same as above.

Plaintiff, by replication, met this defense by averments as follows: "Plaintiff further states, by way of further reply to the defense set up in defendant's answer, that the defendant is estopped and ought not to be heard to allege or attempt to prove that the property covered by said contract of insurance,

or any part thereof, was, at the time said contract was issued, covered by a chattel mortgage, or any encumbrance whatever, to D. B. Fisk & Co., of Chicago, Illinois, or any other place, or to any one else; for that this plaintiff made no written or verbal application to the defendant herein for said contract of insurance; neither did she make any representation or statement to it whatever; neither did the defendant, or said agent who solicited said insurance, make any inquiry as to a chattel mortgage on said property, or any portion thereof; neither did plaintiff have any information from said agent, or any one else, that if said property, or any part thereof, was mortgaged, that it would invalidate her contract of insurance. That, if said contract of insurance was issued on the application or representation or statement of any one, it was on the application and representations of one William Courtnay, who was the duly authorized agent of the defendant, and that upon the statement, application, and representation of their said agent they so issued said contract of insurance, and received said premium so paid, and that so acting upon the statement, representation, and application of their said agent, they are bound thereby, and cannot be heard to deny his acts, to defeat the rights of this plaintiff." It appears that plaintiff paid defendant, through said agent Courtnay, one hundred and five dollars, as consideration for said insurance.

It is contended that the existence of said mortgage on said millinery goods, without consent of defendant indorsed on the policy, rendered the policy void; and, while it does not appear upon what particular ground the court below granted the motion for nonsuit, no doubt this was considered as the vital question in the case.

In considering this ground, two propositions naturally suggest themselves: —

*First.* If the policy was made void by reason of the existence of said mortgage on said merchandise, without consent of defendant, was the policy void as to other property covered thereby, which was neither mortgaged nor forbidden to be mortgaged, by the terms of the policy? If the contract is severable, and a condition was broken as to the *status* of a particular class of property, upon which a separate amount of risk

was placed, so that the insurance failed thereon, it does not follow, as a proposition of law, that this fact voided the policy as to other property upon which a specific sum of insurance was placed, and as to which no condition is alleged to have been broken. The question then arises, was this contract of insurance a severable and separate risk on each class of property mentioned, or an entirety? The premium was paid, as appears by the terms of the policy, in one sum, without designating therein the specific amounts of premium required on each risk stated. But there is no showing that in estimating the charge for this insurance the total amount of premium was not arrived at by casting together the amount required for each separate risk stated in the policy. Nor is it even urged that, because the premium paid for these several amounts of insurance was paid in one aggregate sum of one hundred and five dollars, it in any manner indicates that the contract was to be regarded as an entirety. Nor is it in any manner shown or contended that the other several risks would not have been taken unless said "millinery goods" were included, or that said goods in any manner operated as an inducement to place the several amounts of insurance on the other classes of property covered by said policy. The clause of the policy prohibiting a mortgage on property insured thereby related to merchandise only, and provides that "if the property be a stock of merchandise, and the same, or any part thereof, be or become mortgaged or otherwise encumbered," this policy shall be void and of no effect. There is no contention that the assured was guilty of any misrepresentation, concealment, or evasion as to any inquiry made by the company's agent concerning the property insured, or any part of it, when the insurance was placed thereon, or at any other time. It is admitted that nothing of that nature occurred, because the proof offered by the plaintiff is to that effect, and every fact which the evidence tends to prove is admitted as proved on motion for nonsuit. (3 Estee's Pleadings, § 4782; Hayne on New Trial and Appeal, § 117.) In view of the facts, as shown and admitted on the motion, it would appear to be a strained construction to hold that, because the millinery goods mentioned in said policy were mortgaged when the insurance was placed thereon, therefore defendant was not liable on

the contract as to specific amounts of insurance placed on other property, not at all affected by the clause of the policy prohibiting mortgage of merchandise insured. (*Curtis* v. *Leavitt*, 15 N. Y. 9; *Quarrier* v. *Peabody Ins. Co.* 10 W. Va. 507; 27 Am. Rep. 582; *Clark* v. *New England etc. Ins. Co.* 6 Cush. 342; 53 Am. Dec. 44; *Hartford Fire Ins. Co.* v. *Walsh*, 54 Ill. 164; 5 Am. Rep. 115; *Loehner* v. *Home Mut. Ins. Co.* 17 Mo. 247; *Koontz* v. *Hannibal etc. Ins. Co.* 42 Mo. 126; 97 Am. Dec. 325; *Phœnix Ins. Co.* v. *Lawrence*, 4 Met. [Ky.] 9; 81 Am. Dec. 521.)   It seems to us that the terms of the policy, placing specific amounts of insurance on distinct and separate parcels of property, and inserting a prohibition against mortgage as to merchandise alone, would point to a contrary construction as indicative of the intention of the parties; and we think the court below should have held that the existence of the mortgage on the merchandise mentioned in the policy did not invalidate the several amounts of insurance placed on other classes of property, to which the clause forbidding the mortgage did not apply.   It is not the spirit of the law to favor or enlarge forfeitures by loose and liberal construction to that end. The rule of law is just the converse of that proposition. (*Mutual Assurance Society* v. *Scottish Union & Nat. Ins. Co.* 84 Va. 116; 10 Am. St. Rep. 819; *Paul* v. *Traveler's Ins. Co.* 112 N. Y. 472; 8 Am. St. Rep. 758; *Queen Ins. Co.* v. *Young*, 86 Ala. 424; 11 Am. St. Rep. 51; *Utter* v. *Traveler's Ins. Co.* 65 Mich. 545; 8 Am. St. Rep. 913.)   A question involved in *Rocheleau* v. *Boyle*, 11 Mont. 472, called into application the same principles wherein is quoted the observations of Judge Story in *United States* v. *Bradley*, 10 Peters, 360, where he states the rule and distinctions, also citing other cases to the same effect.   It follows on this view of the case, even if the policy was held to be void as to said merchandise, by reason of the existence of the mortgage thereon, the motion for nonsuit should have been overruled, and the case submitted to the jury, with proper instructions, so construing the policy.   The construction which we hold as proper, we observe, is the same as defendant placed upon the policy in its negotiation with plaintiff for settlement of said loss, as will be shown in the treatment of another branch of the case, below.

*Secondly.* The question arises whether, under the pleadings and facts shown, said policy ought to be held void as to said merchandise because of said mortgage existing thereon when the insurance contract was made. The mortgage had been on record in the public recorder's office for Custer County, at Miles City, where said property was situate, for a period of about six months prior to the issuance of the policy. As the case stood when motion for nonsuit was made and granted, it was in evidence, and admitted, that defendant contracted said insurance through its agent, who sent a person to the premises of plaintiff to examine the property insured, in contemplation of effecting such insurance, which examination was made, and the policy was thereupon issued; that plaintiff was present when such examination was made, and also consulted the company's agent at his office in respect to said insurance, and no inquiry was made by the company's agent, nor any representation by the assured as to whether the property about to be insured, or any part of it, was mortgaged. Nor, in the negotiation for said insurance, was plaintiff informed that, if a mortgage existed on said merchandise, defendant would not take the risk; nor that defendant would insert a clause in the policy about to be issued, making the same void if a mortgage existed on said merchandise; that after said examination, with plaintiff present, and opportunity for inquiry on the part of defendant as to all conditions affecting said property, defendant, through its agent, issued said policy and received therefor the consideration of one hundred and five dollars.

If this policy was void because of said chattel mortgage, then it was never in force at all on said merchandise. Defendant claims in defense of this action that the policy was void as to all property mentioned therein. If this be so, then defendant negotiated with plaintiff for said insurance, examined her property, pretended to insure the same, and received one hundred and five dollars from her as consideration for such insurance, and delivered her a policy which was void the instant it was issued, and no liability of defendant went out with it at all. It is the same as to the merchandise, if the policy is held only void as to that. Defendant examined the merchandise, represented that it would place insurance thereon, pretended to place insur-

ance thereon, received payment as consideration therefor, and delivered plaintiff a policy which carried no liability for the pretended insurance on said merchandise, according to defendant's position in this case. If this be true, the consistent, logical result of the proposition would seem to be that defendant assumed and negotiated with plaintiff to insure her property, promised in the negotiation to place a certain risk upon it, for a certain consideration, investigated the condition of the property as far as defendant saw fit to do, and then went through the formality of pretending to issue a policy providing such insurance, and in fact delivered her a paper which was void the very instant it was issued, and in no manner effected the purpose which defendant pretended it would effect. According to defendant's position, only one condition of said contract of insurance was ever in force, and that was the clause providing that, inasmuch as a portion of the property which defendant pretended to insure was mortgaged — a fact which existed and had not been made a condition of the agreement as negotiated — the policy was entirely void *ab initio*. If this interpretation is the proper one to be upheld by the court, its result is that plaintiff negotiated for insurance on her property, truly answering to all inquiries that were made concerning it; defendant promised to place a risk upon it for a certain consideration, and received one hundred and five dollars from plaintiff for a paper which provided that she had no insurance — and this result was not according to the negotiations, because no inquiry was made as to a mortgage; no mention was made that the company would not take a risk on mortgaged property. The condition of the policy is that it shall be void and of no effect if the property insured be merchandise, "and be or become mortgaged" without the written consent of the company indorsed on the policy, implying that the company may, in prosecuting its business, consent to take risks on mortgaged property. But in this case defendant's proposition amounts to this: That it proposed to plaintiff to take a risk on her property, which was mortgaged, with the instrument creating the mortgage recorded in the public recorder's office, and received consideration for taking such risk, and pretended to issue a policy binding itself for such insurance, but did not consent to take such risk on mortgaged property.

It seems to us that it would be unjust to the insurer, as well as the assured, to put such a construction on the transaction. It would be imputing turpitude to the conduct of defendant which the transaction hardly warrants, when we consider the conduct of the parties at the time the insurance contract was made, as shown by the evidence. It would be assuming that the defendant was in such case obtaining, or attempting to obtain, money of plaintiff, under unscrupulous business methods, which fall but little short of false pretense; for it is proper, in considering the effect of defendant's negotiating insurance on property, and receiving consideration therefor, to assume that defendant's managers and agents know that mortgages, both of real and personal property, are lawful, and that not a few exist, as shown by the public records; and, further, that they are fully acquainted with the conditions of the policy proposed to be issued. Having that knowledge, they know that where they pretend to write a risk on mortgaged property, if such risk is void by reason of such mortgage, they are obtaining money without giving any insurance therefor, and without making known to the assured that fact until after the transaction is completed, and that knowledge is conveyed only by way of handing the assured a void policy. The only answer to this is that the assured may ascertain that fact by reading the policy. The least that can be said of the transaction, in this view, is that it would amount to an attempt to obtain the consideration without giving any liability therefor, in case the property was of that class upon which a mortgage was forbidden without consent, and a mortgage existed thereon. In such case, that construction of the transaction would imply a scheme to obtain the consideration, and if the assured happened not to observe such condition, making the policy void, and no loss occurred, the consideration would be acquired without giving any risk. On the other hand, if a loss occurred, the policy could be repudiated as void, and thus get the consideration and escape liability. The situation further involves the misleading of the one pretended to be insured into the belief that the property in question was insured, when in fact it was not, and thus not only so contriving as to get pay for the risk without assuming it, but doing the more grievous wrong of leading the party honestly

seeking and paying for insurance into suffering the entire loss of the things proposed to be insured in the transaction.

We do not conclude that such was the method of transacting business on the part of defendant, nor its intention in the transaction. As before observed, the terms of this policy imply that defendant may consent to insure mortgaged property of the class forbidden to be mortgaged, without such consent; and we hold that, under the state of facts shown, defendant, by writing the insurance on said merchandise without inquiry as to the mortgage thereon, did consent to take the risk on the goods under mortgage as effectually as if consent had been indorsed on the policy. This consent was in writing insurance on mortgaged property without inquiry, and receiving consideration therefor. (*Ætna etc. Ins. Co.* v. *Olmstead,* 21 Mich. 246; 4 Am. Rep. 483; *Morrison* v. *Tennessee etc. Ins. Co.* 18 Mo. 262; 59 Am. Dec. 299.)

In one portion of plaintiff's replication, there is a denial that said merchandise was under mortgage, as alleged by defendant. Counsel explained that this denial was made by reason of a theory of counsel formerly in the case, that under certain decisions the instrument which purported to be a mortgage was not a mortgage on said property. Inasmuch, however, as that theory seems to have been abandoned, and the instrument has been treated as a mortgage by plaintiff's counsel, we think such denial should be stricken from the replication. If this variance was the ground upon which the court below concluded the nonsuit should be granted, the ground of the ruling should have been signified, so that plaintiff may have had an opportunity to remove the variance by amendment. (Code Civ. Proc. §§ 112, 113.) But it does not appear in the record that the court granted the motion for nonsuit on that ground.

Defendant raises the further objection that it was not furnished with proofs of loss as required by the policy. It is set up in the pleadings on behalf of plaintiff, and shown by testimony introduced on her part, that defendant's adjusting agent, on two occasions, soon after the fire, took examinations of defendant, she answering under oath, in respect to said fire, and the property destroyed, entering into details as to all items and values thereof; that these examinations were reduced to writing, and subscribed and sworn to by plaintiff; that defendant's

said adjusting agent referred to them as "proofs of loss," and required plaintiff to obtain duplicate bills of her goods so destroyed, which she obtained, and delivered the same to said agent; that he stated to plaintiff that nothing more was required, and that she would hear from the company inside of a month or two, that by defendant's conduct, through said agent, plaintiff was led to believe it accepted said examinations, and matters so furnished therewith, as sufficient proofs of loss; that defendant's said adjusting agent offered to pay the loss on all of the property covered by said policy, except that sustained on the millinery goods, and also offered to exceed the amounts written on the other classes of property, offering plaintiff one thousand dollars in settlement of the loss sustained under said policy; and, in relation to this proof, there is no testimony showing that such offer was made by defendant, as a compromise or to "purchase peace," or with any reservation or condition whatever in respect to said offer.   In addition to these facts, it appears that after defendant had communicated to plaintiffs its refusal to settle said loss, and denial of all liability on said policy, plaintiff served on defendant, at its office in Chicago, other formal proofs of loss, as required by the policy.   The latter proofs of loss, however, were not served on defendant within sixty days after the loss occurred, as provided in the policy, and defendant claims that, therefore, no proofs of loss were furnished.   If that state of facts be true, it follows, without question, that the first examinations and duplicate bills furnished were accepted by defendant as sufficient proofs of loss.   Defendant was certainly competent to accept as sufficient any proofs of loss it saw fit, even though the proofs furnished were not exactly like the ones called for by the policy, and that it expressly accepted said papers and examinations as sufficient proofs of loss is admitted, as the case stands, when the motion for nonsuit was made and ruled on.   (*Badger* v. *Phœnix Ins. Co.* 49 Wis. 396; *Searle* v. *Dwelling-House Ins. Co.* 152 Mass. 263; *Graves* v. *Merchants' etc. Ins. Co.* 82 Iowa, 637.)

Finding no grounds sufficient to justify an order of nonsuit, it will be ordered that the judgment entered by the trial court be reversed, and the cause remanded for new trial.

*Reversed.*

BLAKE, C. J., and DE WITT, J., concur.