HOWE v. MERIWETHER.†

(Circuit Court of Appeals, Eighth Circuit. August 9, 1909.)

No. 2,978.

EJECTMENT (§ 50*)—INTERVENTION—PLEADING.

Under Gen. St. Kan. 1905, § 4909, providing that, "when in an action for the recovery of real or personal property any person having an interest in the property applies to be made a party, the court may order it done," it is incumbent on one applying to be made a party to an action of ejectment to plead facts showing that he has a direct and immediate interest in the property, which will be affected by the judgment.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 145; Dec. Dig. § 50.*]

In Error to the Circuit Court of the United States for the District of Kansas.

L. W. Keplinger, for plaintiff in error.
R. E. Ball, for defendant in error.

Before ADAMS, Circuit Judge, and CARLAND, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied October 7, 1909.

CARLAND, District Judge. On September 23, 1907, Meriwether commenced an action in ejectment against Henry Black, James Black, Wilda Black, Joseph Turner, and Frances Robinson, in the United States Circuit Court for the District of Kansas, to recover the possession of a certain piece of land located in Wyandotte county, in said state. December 14, 1907, said defendants filed an answer in said cause. June 9, 1908, judgment for the plaintiff was rendered in said action upon stipulation. At the time the motion for judgment was made one S. K. Howe made an application to the court to be substituted as defendant in said action. The motion was denied, and Howe sued out a writ of error.

Section 4909, Gen. St. Kan. 1905, provides as follows:

"When in an action for the recovery of real or personal property any person having an interest in the property applies to be made a party, the court may order it done."

The ruling of the trial court was right. The moving papers disclosed no interest whatever in Howe to the land in dispute. Under the statute quoted, it was not sufficient for Howe to merely allege that he had an interest in the land in **controversy**; but he was bound to make that interest appear by **proper allegations** in his petition, so that the court could see that, if the **facts** stated were true, he had such a direct and immediate interest in **the** matter in litigation that he would either gain or lose by the direct **legal** operation and effect of the judgment. Smith v. Gale, 144 U. S. 517, 12 Sup. Ct. 674, 36 L. Ed. 521; Horn v. Water Co., 13 Cal. 69, 73 Am. Dec. 569; Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586; Coffey v. Greenfield, 62 Cal. 602.

Judgment affirmed.